UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND W. FULLERTON, | Case No. 2:23-cv-02801-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | SCREENING PLAINTIFF'S COMPLAINT AND GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTIONS TO APPOINT COUNSEL |
| TIM SAXON, *et al.*, | |
| Defendants. | |
| | ECF Nos. 1, 2, 4, & 6 |

Plaintiff Raymond W. Fullerton is a pretrial detainee proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff brings claims against Tim Saxon, the Trinity County Sheriff; Max Mucklow, the acting facility commander for the Trinity County Jail; Michael Novack, a physician assistant; and Donald Krouse, a doctor. The complaint alleges that plaintiff has been denied access to certain mental health resources for the past 100 days. The claims, as articulated, are not sufficient to proceed past screening. I will grant plaintiff the opportunity to file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing, but I will deny his two motions for appointment of counsel.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

The complaint states that plaintiff is a pretrial detainee at Trinity County Jail. ECF No. 1. Plaintiff alleges that he and other inmates have been denied basic mental health services, including access to qualified psychiatrists and psychologists, because the jail does not have a contract with a local mental health provider. *Id.* at 3. The complaint explains on of the one hand

1  that the jail's doctor, defendant Donald Krouse, refuses to refer plaintiff to a mental health
2  specialist, but, on the other, hand, when plaintiff is in contact with a local mental health provider,
3  the provider will "not provide anything more than a on call crisis worker" because they do not
4  have a contract with the jail. *Id.* at 4.  In an unrelated vein, the complaint alleges that the jail has
5  failed to provide plaintiff with his medical records for the past twenty years and that he has been
6  prescribed (by an unspecific provider) a different medication from one he was previously
7  prescribed. *Id.* at 5.

8        As an initial matter, while plaintiff brings his complaints under the Eighth Amendment,
9  his claims fall under the Fourteenth Amendment because he is a pretrial detainee.  "[V]iolations
10 of the right to adequate medical care 'brought by pretrial detainees against individual defendants
11 under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference
12 standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).  The elements of
13 a pretrial detainee's medical care claim under the Due Process clause of the Fourteenth
14 Amendment are: "(i) the defendant made an intentional decision with respect to the conditions
15 under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of
16 suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that
17 risk, even though a reasonable official in the circumstances would have appreciated the high
18 degree of risk involved—making the consequences of the defendant's conduct obvious; and
19 (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1145.

20       The allegations at present do not state a claim.  First, it is unclear whether plaintiff has
21 access to mental health services.  It seems that he might have access, but that he believes the
22 services are inadequate.  Moreover, plaintiff has not alleged that he has suffered any injury as a
23 result of defendants' alleged intentional decision to not provide him with mental healthcare.
24 Next, it appears that plaintiff might be attempting to bring this action on behalf of himself and
25 other inmates.  Since plaintiff is proceeding without counsel, he may not bring claims for other
26 inmates.  Finally, plaintiff joins two unrelated claims together: the lack of certain mental health
27 services and lack of access to his medical records.  Multiple, unrelated claims against more than
28 one defendant belong in separate lawsuits.  *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d

3

605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). Because these claims cannot proceed jointly, plaintiff should file an amended complaint that contains only related claims.

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

## Motion to Appoint Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The appointment of counsel is not warranted. The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's motions to appoint counsel, ECF Nos. 4 & 6, are denied.

3. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  March 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5